IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMASA SPENCER, on behalf of herself and all similarly situated individuals, | ) ) ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | COLLECTIVE CERTIFICATION |
| BANK OF AMERICA CORPORATION, | ) ) | SOUGHT |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Thomasa Spencer, (hereinafter "Plaintiff"), on behalf of herself and all similarly situated individuals, by and through the undersigned counsel, and files this Complaint for Damages against Defendant Bank of America Corporation (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and all similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's and all similarly situated individuals' employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) of the FLSA and 28 U.S.C. §1331.

4.

Defendant Bank of America Corporation is a Delaware corporation that is licensed to do business in Georgia and has branches in this District.  The unlawful employment practices described herein occurred in this District.   Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III.  <u>Parties</u>

5.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Plaintiff performed work as a Mortgage Loan Specialist (also referred to at times as a Mortgage Loan Officer) for Defendant from May 28, 2013 to approximately June 11, 2014.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, including selling mortgages and other lending products throughout the United States.

12.

Defendant's gross revenues exceed $500,000 per year.

13.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

15.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

## IV. <u>FLSA Collective Action Allegations</u>

16.

Plaintiff brings this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals are individuals who are or have been employed by Defendant during the last three years as "Mortgage Loan Specialists" or "Mortgage Loan Officers" (hereinafter the "Collective Class") nationwide.

17.

Plaintiff and the Collective Class worked for Defendant within the past three years.

18.

Defendant hired Plaintiff approximately May 28, 2013 as a Mortgage Loan Officer Specialist.  Defendant also referred to Plaintiff as a Mortgage Loan Officer. Plaintiff worked in this position until approximately June 11, 2014, when she went out on disability leave.

19.

Plaintiff and the Collective Class performed work that primarily included selling lending products, contacting potential customers with the purpose of

making a sale, collecting documents for new clients, and preparing loans for processing.

20.

Plaintiff and the Collective Class did not customarily and regularly perform their primary duty of sales at customers' homes or place of business.

21.

Plaintiff's and the Collective Class' primary duty did not consist of work directly related to management policies or the general operations of Defendant's business.

22.

Plaintiff's and the Collective Class' primary duty did not require the exercise of discretion and independent judgment with respect to matters of significance

23.

Plaintiff and the Collective Class did not supervise two (2) or more employees and had no hiring or firing authority over other employees.

24.

Plaintiff and the Collective Class were paid a draw against commissions earned on sales.

25.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek.  However, Defendant did not pay Plaintiff and the Collective Class the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

26.

Defendant was aware that the Plaintiff and the Collective Class were working more than forty (40) hours in a workweek during the relevant time period.

27.

Plaintiff and the Collective Class all performed the same job duties, were compensated in the same manner (draw against commission) and were subject to the same unlawful policy in which Defendant denied them overtime pay by misclassifying them as exempt.

28.

Defendant has been sued multiple times for misclassifying as exempt employees who performed the same job duties as Plaintiff and the Collective Class. Nevertheless, Defendant continued to misclassify Plaintiff and the Collective Class and fail to pay them the overtime wage differential.

## CLAIMS FOR RELIEF

### V.  Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

29.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

30.

Defendant has violated FLSA Section 7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours in a workweek.

31.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

32.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

33.

Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

34.

Defendant's conduct was willful and in bad faith.

35.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff and the Collective Class bring this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. <u>Collective Action Certification</u>

36.

Plaintiff and the Collective Class of "Mortgage Loan Specialists" and "Mortgage Loan Officers" are similarly situated in that they each performed the same nonexempt duties, were not paid overtime for their work over 40 hours in a workweek and were wrongly classified as exempt from the overtime requirements of the FLSA.

37.

Plaintiff and the Collective Class all sold lending products for Defendant.

38.

Plaintiff and the Collective Class all performed their work in the same way, pursuant to guidelines promulgated by Defendant, and all worked on the sale of lending products.

39.

Plaintiff and the Collective Class were all paid the same way, in that they were paid a draw against commissions based on sales.

40.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek.  However, Defendant did not pay Plaintiff and the Collective Class the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees and reasonable

attorneys' fees as provided under FLSA §16, 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)   Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(D)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 26th day of May, 2015.

**BARRETT & FARAHANY, LLP**

s/Benjamin A. Stark
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin Stark
Georgia Bar No. 601867
Attorneys for Thomasa Spencer

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Amanda@bf-llp.com
bstark@bf-llp.com