IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMASA SPENCER, on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA N.A.,<br><br>Defendant. | Civil Action No. 1:15-cv-01877-SCJ |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is a legally binding agreement between Thomasa Spencer ("Spencer") and Bank of America, N.A. ("BOA") (collectively, the "Parties"), and its predecessors, successors and assigns, its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.

Spencer initiated and/or joined a lawsuit against BOA pending in the United States District Court for the Northern District of Georgia, captioned *Thomasa Spencer v. Bank of America, N.A.*, 1:15-cv-01877-SCJ (the "Lawsuit"). In the Lawsuit, Spencer claims that she is entitled to alleged unpaid wages, including back overtime pay, liquidated damages, and attorneys' fees for alleged violations of the Fair Labor Standards Act ("FLSA"). BOA denies Spencer's allegations and denies that it is liable under any of Spencer's claims.

The Parties seek to avoid protracted and expensive litigation to resolve any and all disputes that Spencer has or may have arising under the FLSA or related to Spencer's wages or compensation during her employment with BOA. Accordingly, the Parties agree to the following terms:

1. **Payment by BOA.** In consideration for the promises Spencer has made in this Agreement, BOA agrees to pay Spencer the total gross sum of $13,250.00 (the "Settlement Payment"), apportioned as follows:

   (a) BOA will pay Spencer the gross amount of $3,975.00, less all applicable federal, state, and local tax and Social Security withholdings, but not to include federal and state income tax withholdings, in full satisfaction of Spencer's claims for alleged back overtime pay and other alleged unpaid wages. BOA will issue an IRS Form W-2 to Spencer reflecting this payment as required by law.

   (b) BOA will pay to Spencer the gross amount of $3,975.00, in full satisfaction of Spencer's claims for liquidated damages. BOA will issue an IRS Form 1099 to Spencer reflecting this payment as required by law.

(c)      BOA will pay to Spencer's attorney, Barrett & Farahany, LLP, $5,300.00, in full satisfaction of Spencer's claims for costs and attorneys' fees. BOA will issue an IRS Form 1099 to Spencer and Barrett & Farahany, LLP reflecting this payment as required by law.

BOA will send the Settlement Payment to Spencer's attorney, Barrett & Farahany, LLP within seven (7) business days after BOA receives a fully executed copy of this Agreement, along with W-9 forms completed by Spencer and her counsel, Barrett & Farahany, LLP, and an order from the Court dismissing the Lawsuit with prejudice.

Spencer will be solely responsible for paying any amounts due by her to any governmental taxing authority as a result of the Settlement Payment. Spencer agrees to indemnify BOA in the event that any governmental taxing authority asserts against BOA any claim for unpaid taxes, failure to withhold taxes, penalties or interest based upon the allocation and payment of the Settlement Payment.

Spencer acknowledges that she has received independent legal and tax advice concerning the taxability of the Settlement Payment, and that she has not relied upon any advice from BOA and/or its attorneys as to the allocation of the Settlement Payment for tax or any other purposes, or regarding tax withholding or the ultimate taxability of the Settlement Payment, whether pursuant to federal, state or local income tax statutes or otherwise. Spencer acknowledges and agrees that she is solely responsible for paying any attorneys' fees and costs that she has incurred and that neither Spencer nor her attorney will seek any award of attorneys' fees or costs from BOA, except as otherwise set forth herein.

The Parties acknowledge that the Settlement Payment is a fair and reasonable settlement of a bona fide dispute over Spencer's pay and constitutes good, valid, and sufficient consideration for the promises contained herein. Spencer agrees that, upon receipt of this payment, she has been properly paid for all hours worked including any liquidated damages and/or penalties stemming from any claims in the Lawsuit.

Spencer further acknowledges and agrees that the Settlement Payment is consideration to which she would not otherwise be entitled to receive if she did not make the promises that she is making in this Agreement.

2. **Approval of Settlement.**

     A.    <u>Court Approval of Settlement.</u> Within seven (7) business days of execution of this Agreement, the Parties will seek the Court's approval of the terms of this Agreement, by filing a Motion for Approval of Settlement ("Approval Motion"). Although the Agreement may be filed publicly if necessary to obtain Court approval of the Settlement or if otherwise required by process of law, the parties agree to use their best efforts to preserve confidentiality in accordance with Paragraph 7 of this Agreement. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of this Agreement (including without limitation as to the Settlement Payment set forth in Section 1, above), or if the Approval Order is reversed or vacated by an appellate court, then this

Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves this Agreement as modified.

B.  <u>Dismissal of Action with Prejudice.</u> Subject to and conditioned upon the Court's Approval of the Settlement in accordance with the terms and conditions of this Agreement, Spencer agrees that the Lawsuit shall be dismissed with prejudice, with the Parties responsible for their own costs and attorneys' fees.

3.  **Release of FLSA and Wage Claims.** Spencer, on behalf of herself, her heirs, executors, administrators, and assigns, knowingly and voluntarily waives and releases BOA and its parent corporation, affiliates, subsidiaries, divisions, insurers, predecessors, successors, assigns, and current and former employees, attorneys, officers, directors and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively, the "Released Parties"), from any and all claims, known and unknown, arising under the FLSA or state wage and hour laws or in any way related to Spencer's wages or compensation from BOA that Spencer has or may have against the Released Parties as of the date of execution of the Agreement. This release includes any claim that Spencer could assert against the Released Parties based upon alleged unlawful compensation practices that occurred, or that could be alleged to have occurred, before Spencer executes this Agreement, and includes but is not limited to claims based under the Fair Labor Standards Act and any state wage and hour laws. Spencer agrees that the Settlement payment set forth in Paragraph 1 constitutes full payment of any such disputed wages, compensation, final compensation, or other benefits. This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date Spencer executes this Agreement and it does not prohibit Spencer from filing an administrative charge with a governmental or regulatory agency. Also excluded from this release are any claims of a breach of this Agreement.

4.  **Covenant Not to Sue.** A "covenant not to sue" is a legal term which means Spencer promises not to file a lawsuit in court. It is different from the release of claims contained in Paragraph 3 above. Besides waiving and releasing the claims covered by Paragraph 3 above, Spencer further agrees never to sue BOA in any forum for any claims, laws, or theories covered by the release language in Paragraph 3 above. Notwithstanding this covenant not to sue, Spencer may bring a claim against BOA to enforce this Agreement. If Spencer sues BOA in violation of this Agreement, Spencer shall be liable to BOA for its reasonable attorneys' fees and other litigation costs incurred in defending against such a suit.

5.  **Affirmation by Spencer.** Spencer affirms that, upon receipt of the Settlement payment set forth in Paragraph 1, she will have been paid and/or received all compensation, wages, bonuses, commissions, benefits and any other monies due and owing to Spencer resulting from her employment with BOA.

6.  **Agreement Not To Seek Or Accept Future Employment.** As further consideration, Spencer promises that she will not apply for or accept future employment with BOA, its parent, subsidiary, affiliate, or successor companies (collectively referred to as the "Company" in this section), and that in the event she does apply for such employment with the

Company, the Company may reject her application legitimately and lawfully solely because she breached this promise. Spencer further agrees that if she becomes employed by the Company without having obtained a written waiver of this provision from an executive officer of the Company, she will resign her employment with the Company when asked to do so in writing by an executive officer of the Company.

7. **Confidentiality and Non-Disparagement**. Spencer agrees that, unless she is compelled to do so by law, and except for purposes of seeking court approval of the settlement in accordance with Paragraph 2 of this Agreement, she will not disclose to any other person any information regarding the existence or substance of this Agreement, except that she may discuss the terms of this Agreement with her counsel, her immediate family, and her accountants or tax preparers. Spencer further agrees that she will not initiate or participate in any discussion or communication concerning or relating to her wages or compensation with BOA and/or the Lawsuit. If Spencer receives any question or inquiry about the Lawsuit and/or her claims against BOA, her response shall be limited to the following statement: "That issue has been resolved" or words to that effect.

The Parties agree that they shall not, directly or indirectly, on their own or through a third party, make any statement, publish any statement, or issue any communication, written or otherwise to or in the media, including but not limited to, print, television, radio, and the Internet, that refers to this Lawsuit or Spencer's claims to overtime, or that discloses or communicates the Settlement Payment or any other terms of this Agreement.

In addition, Spencer agrees not to disparage or say or write negative things about BOA, its officers, directors, agents, or employees. Spencer also agrees not to initiate or participate in any discussion or communication that reflects negatively on BOA, its officers, directors, agents, or employees.

Spencer understands that the confidentiality of this Agreement and this non-disparagement provision are important parts of the consideration she is giving to BOA in this Agreement and for which BOA is making the Settlement Payment and that it would be very difficult for BOA to quantify the effect of a breach of these provisions. Accordingly, Spencer agrees that if she breaches the promises she has made in this section, or if any person to whom she discloses any information about this Agreement discloses information that would, if disclosed by Spencer, constitute a breach of this Agreement, Spencer will pay to BOA $500.00 as liquidated damages for each such breach. The total amount of Spencer's liability to BOA under this section, however, shall not exceed the amount of the Settlement Payment.

8. **Severability and Interpretation**. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect. The Parties agree that they have fully negotiated the terms of this

Agreement and that its terms, provisions, and conditions shall not be interpreted or construed against either party.

9. **No Admission of Wrongdoing.** The Parties have entered into this Agreement solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation. Neither the fact of this Agreement nor any of its parts shall be construed as an admission of wrongdoing, liability, or that any fact or allegation asserted by either party was true.

10. **Amendment.** This Agreement may not be modified except through a written document, signed by an authorized representative of each of the Parties, in which the Parties expressly agree to modify it.

11. **Entire Agreement.** This Agreement sets forth the entire agreement and understanding between the Parties and supersedes any prior oral or written agreements or understandings between them regarding its subject matter, except the Confidential Settlement and General Release Agreement entered into by the Parties to resolve Spencer's charge of discrimination against BOA, EEOC Charge No. 846-2014-35274. Spencer acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to make this Agreement, except for those set forth in this Agreement. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

12. **Time To Negotiate and Consider This Agreement.** In addition to having the opportunity to negotiate this Agreement, before signing it, Spencer has been advised to consult with, and has in fact consulted with, her attorney to obtain advice about her rights and obligations under this Agreement. Spencer represents that she has carefully read this Agreement and finds that it has been written in language that she understands. Spencer has been given a reasonable period of time to consider whether to accept this Agreement, and has signed it only after reading, considering and understanding it.

SPENCER UNDERSTANDS THAT ONCE SHE SIGNS BELOW, THIS DOCUMENT WILL BECOME A LEGALLY ENFORCEABLE AGREEMENT UNDER WHICH SHE WILL BE GIVING UP RIGHTS AND CLAIMS SHE MAY HAVE, ON THE TERMS STATED IN THIS AGREEMENT.

DATE  11-11-15              THOMASA SPENCER

By  *Thomasa Spencer*

Signature  *Thomasa Spencer*

BANK OF AMERICA, N.A

DATE  11-12-205             By  *Jay J. Price*

Signature  *Jay J. Price*

Title  SVP & Associate General Counsel